John **BORODKIN,** Plaintiff–Appellant

v.

**OMNI AIR INTERNATIONAL, INC.,
et al., Defendants–Appellees.**

**No. 06–17007.**

United States Court of Appeals,
Ninth Circuit.

Argued April 27, 2008.

Submitted May 5, 2008.

Filed May 22, 2008.

Robert Griscom, Law Offices, San Diego, CA, James J. Lee, Law Offices, Las Vegas, NV, for Plaintiff–Appellant.

Bryan J. Cohen, Edwin A. Keller, Jr., Kamer Zucker & Abbott, Las Vegas, NV, J. Ronald Petrikin, D. Richard Funk, Conner & Winters, LLP, Tulsa, OK, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, BERZON and BYBEE, Circuit Judges.

## MEMORANDUM *

■ 1. We affirm the district court's grant of summary judgment to Omni Air International, Inc. on the Nevada wrongful termination cause of action. Nevada's tortious discharge action is "severely limited to those rare and exceptional cases where the employer's conduct violates strong and compelling public policy." *Wayment v. Holmes*, 112 Nev. 232, 912 P.2d 816, 818 (1996) (internal quotation marks omitted); *see also Chavez v. Sievers*, 118 Nev. 288, 43 P.3d 1022, 1026 (2002). Nevada would not recognize a cause of action protecting an employee who has been terminated for failing an alcohol test that was not con- ducted strictly pursuant to the Federal Aviation Regulations; such a cause of action neither expresses Nevada policy nor protects public safety. The California case Borodkin cites, *Green v. Ralee Engineering Co.*, 19 Cal.4th 66, 78 Cal.Rptr.2d 16, 960 P.2d 1046 (1998), does not suggest otherwise. Unlike Nevada, California has a whistleblower statute that prohibits retaliation against an employee for disclosing a violation of state or federal regulations, and the whistleblower there was advancing the interest in public safety expressed in the Federal Aviation Act—not seeking to enforce a technical regulation protective of the individual privacy rights of employees. *Id.* at 1052.

■ 2. We also affirm the district court's grant of summary judgment on the defamation cause of action. The Pilot Records Improvement Act ("PRIA") prohibits actions against air carriers that have provided pilot records to a prospective employer if the pilot has signed a release of liability, which Borodkin did. *See* 49 U.S.C. § 44703(i)(1).

Borodkin alleges that his action comes within an exception for cases in which the air carrier (1) knew the information was false and (2) maintained it in violation of a federal criminal statute. *See* § 44703(i)(3). Borodkin has alleged that Omni knew the information was false, and that maintaining it was a violation of 18 U.S.C. § 1001, which prohibits, among other things, making false statements "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States." § 1001(a)(1)-(3). Borodkin does not allege in his defamation claim that Omni provided false information to any branch of the United States government, but rather to another air carrier.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The statute he identifies therefore does not apply. Because Borodkin has not identified any federal criminal statute that Omni violated in maintaining its records, Omni is entitled to summary judgment.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.